UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDRE LOVE and CORRINE LOVE,<br><br>       Plaintiffs,<br><br>v.<br><br>FIFTH THIRD BANK; and MB FINANCIAL BANK, N.A.,<br><br>       Defendant(s). | Civil Case No:<br><br>COMPLAINT<br><br>**Jury Trial Demanded** |

Plaintiffs Andre Love (hereinafter referred to as "Andre") and Corrine Love (hereinafter referred to as "Corrine") residing at 34 Fern Road, East Brunswick, County of Middlesex, State of New Jersey by way of verified complaint against Defendants herein says:

## PARTIES

1. Fifth Third Bank ("Defendant Fifth Third" or "Defendant"), is a bank holding and financial holding company under the Gramm-Leach-Bliley Act. Defendant's address is P.O. Box 630412, Cincinnati OH 45263.

2. MB Financial Bank, N.A. ("Defendant MB Financial" or "Defendant"), is a bank holding and financial holding company under the Gramm-Leach-Bliley Act. Defendant's address is 2350 Green Road, Suite 100, Ann Arbor, MI 48105.

3. Andre and Corrine are residents of the State of New Jersey and reside at 34 Fern Road, East Brunswick, New Jersey 08816.

## JURISDICTION AND VENUE

4. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Andre and Corrine have asserted claims based upon federal law.

5. This court also has jurisdiction over this action pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2). Defendants are present in the District of New Jersey. All of the events giving rise to Andre and Corrine's claims occurred in this District.

## STATEMENT OF CLAIM

7. On or about April 8, 2014, Andre and Corrine purchased the property located at 34 Fern Road, East Brunswick, NJ 08816, hereinafter referred to as "property."

8. On or about January 29, 2018, Andre and Corrine refinanced their loan for the property with MB Financial in the amount of $679,650.00 hereinafter referred to as the "Defendant MB Financial loan."

9. At the time that the Defendant MB Financial loan was obtained, the monthly principal and interest payments to Defendant MB Financial totaled approximately $3,400.00.

10. At no time did Andre or Corrine ever miss a monthly payment to Defendant MB Financial.

11. During the loan term a confusion or discrepancy existed with respect to the payment of the property taxes for the property.

12. Defendant MB Financial acknowledged the discrepancy and agreed that the tax discrepancy would be repaid to Defendant MB Financial in equal monthly installments over a ten-year term in addition to the regular principal and interest payments.

13. Subsequent to such agreement, the loan was assigned by Defendant MB Financial to Defendant Fifth Third.

14. After the Defendant MB Financial loan was assigned, Andre and Corrine continued to make monthly principal and interest payments to Defendant Fifth Third.

15. Andre and Corrine also communicated with Defendant Fifth Third as to how and where the additional payment for the tax discrepancy Agreement should be tendered.

16. Despite many attempted verbal and written communications from Andre and Corrine and their counsel, Defendant Fifth Third in bad faith never confirmed the method or means for the tax discrepancy payments.

17. Although the only reason the tax discrepancy Agreement payments were not tendered was specifically due to the fact that Defendant Fifth Third never advised where and how to pay same, Defendant Fifth Third inappropriately claimed Andre and Corrine were in default of the agreement for lack of payment and in bad faith, inappropriately stopped accepting the principal and interest payments from Andre and Corrine.

18. Subsequently and contrary to the tax discrepancy Agreement, Defendant Fifth Third in bad faith began sending statements demanding payment of over $9,000.00 per month despite the fact that historically the monthly payment was $3,400.00.

19. Still to this date in good faith, Andre and Corrine continued to make the original monthly payment of $3,400.00.

20. Although payments are being tendered in a timely manner by Andre and Corrine, some payments are being accepted by Defendant Fifth Third but most payments are being returned.

21. Further, even though this issue arose as a result of the actions of Defendant Fifth Third, Defendant Fifth Third in bad faith posted negative credit markers against Andre and Corrine which has caused substantial damages to both Andre and Corrine.

22. Defendant Fifth Third had knowledge about the tax discrepancy Agreement with MB Financial and that Andre and Corrine never missed any principal and interest payments since the inception of the Defendant MB Financial loan with Defendant MB Financial that was assigned to Defendant Fifth Third.

23. Defendant Fifth Third had actual knowledge that Andre and Corrine were communicating with Defendant Fifth Third and requesting to make payments.

24. With knowledge of the above it was inappropriate for Defendant Fifth Third to post negative credit markers.

## FIRST COUNT
### (Breach of Contract)

25. Upon assignment of the Defendant MB Financial loan, Defendant Fifth Third accepted the loan terms as successor/assignee.

26. Under this assignment Defendant Fifth Third was required to honor the tax discrepancy Agreement.

27. Defendant Fifth Third had an obligation to provide the means and method for Andre and Corrine to tender payments.

28. Defendant Fifth Third breached the Agreement by not providing Andre and Corrine the opportunity to make payments, by not accepting principal and interest payments, by demanding higher payments inconsistent with the agreement and by inappropriately posting negative credit markers.

29. As a result of the actions of the Defendant Fifth Third, Andre and Corrine have and still continue to suffer substantial damages.

30. As assignor, Defendant MB Financial is jointly and severally responsible for the actions of Defendant/Assignee.

**WHEREFORE**, Andre and Corrine demand judgment against Defendants jointly and severally as follows:

a) An Order requiring Defendants to provide Andre and Corrine with the promised tax discrepancy payment schedule;
b) An Order that requires Defendants to remove any and all negative credit markers with all credit agencies associated with any deficiencies associated with the loan with Defendants from its inception to the present;
c) An Order requiring Defendants to remove any and all penalties, increased interest, and fees accumulated on the mortgage loan from the time of the assignment/when Defendants first wrongfully failed to provide Andre and Corrine with the promised Agreement;
d) Consequential damages;
e) Compensatory damages;
f) Prejudgment interest; and
g) Any other relief deemed just and proper by the Court.

## SECOND COUNT
### (Fraud)

31. Andre and Corrine incorporate all of the foregoing allegations as if the same were set forth at length herein.

32. Andre and Corrine accepted the terms of the tax discrepancy Agreement and made numerous attempts to tender payments as required.

33. Defendants made misrepresentations of material facts with the intention that Andre and Corrine rely upon said misrepresentations, and which Andre and Corrine actually did rely upon to their detriment. The unlawful actions of the Defendants were intentionally misleading and manipulating, willful, malicious, and done with the intent to defraud.

34. The improper actions of the Defendants caused Andre and Corrine to be unable to tender monthly payments, fall further into arrears, and negatively damaged Andre and Corrine's credit, based upon false promises, all without the intention to provide a means of payment and/or honor the tax discrepancy agreement.

35. Defendants, their agents, servants, assigns and employees knew or should have known that the statements tendered to Andre and Corrine were in fact false and that Defendant spurposely omitted material facts and that the failure to provide a means of payment would result in the inability for Andre and Corrine to tender said payments.

36. The actions of the Defendants, its agents, servants, assigns and/or employees constitute legal fraud and/or fraudulent inducement upon Andre and Corrine. As a result, Andre and Corrine have suffered and will suffer substantial damages.

37. As assignor, Defendant MB Financial is jointly and severally responsible for the actions of Defendant Fifth Third /Assignee.

**WHEREFORE**, Andre and Corrine demand judgment against the Defendants jointly and severally as follows:

a) An Order requiring Defendants to provide Andre and Corrine with the promised tax discrepancy payment schedule;

b) An Order that requires Defendants to remove any and all negative credit markers with all credit agencies associated with any deficiencies associated with the loan with Defendants from its inception to the present;

c) An Order requiring Defendants to remove any and all penalties, increased interest, and fees accumulated on the mortgage loan from the time of the assignment/when Defendant first wrongfully failed to provide Andre and Corrine with the promised Agreement;

d) Consequential damages;

e) Compensatory damages;

f) Prejudgment interest; and

g) Any other relief deemed just and proper by the Court.

## THIRD COUNT
### (Negligence)

38. Andre and Corrine incorporate all the foregoing allegations as same are set forth at length herein.

39. Defendants owe a duty to use reasonable care towards Andre and Corrine in the performance of all services.

40. Defendants breached their duty to Andre and Corrine.

41. As a direct and proximate result of Defendants' breach of its duties, Andre and Corrine have suffered and will suffer substantial damages.

42. If the Court finds that the actions of the Defendants were not intentional, Defendants' actions constitute negligence in violation of New Jersey law.

43. As assignor, Defendant MB Financial is jointly and severally responsible for the actions of Defendant Fifth Third/Assignee.

**WHEREFORE**, Andre and Corrine demand judgment against Defendants jointly and severally as follows:

a) An Order requiring Defendants to provide Andre and Corrine with the promised tax discrepancy payment schedule;

b) An Order that requires Defendants to remove any and all negative credit markers with all credit agencies associated with any deficiencies associated with the loan with Defendants from its inception to the present;

c) An Order requiring Defendants to remove any and all penalties, increased interest, and fees accumulated on the mortgage loan from the time of the assignment/when Defendant first wrongfully failed to provide Andre and Corrine with the promised Agreement;

d) Consequential damages;

e) Compensatory damages;

f) Prejudgment interest; and

g) Any other relief deemed just and proper by the Court.

## FOURTH COUNT
### (Negligent Misrepresentation)

44. Andre and Corrine incorporate all of the foregoing allegations as if the same were set forth at length herein.

45. In the event that the Court finds that the misrepresentations made by Defendants were unintentional and without the intent to defraud, Defendants made negligent misrepresentations of fact which Andre and Corrine relied upon to their detriment.

46. As a result of Defendants' negligent misrepresentations, Andre and Corrine have suffered and will suffer substantial damages.

**WHEREFORE**, Andre and Corrine demand judgment against the Defendants jointly and severally as follows:

a) An Order requiring Defendants to provide Andre and Corrine with the promised tax discrepancy payment schedule;
b) An Order that requires Defendants to remove any and all negative credit markers with all credit agencies associated with any deficiencies associated with the loan with Defendants from its inception to the present;
c) An Order requiring Defendants to remove any and all penalties, increased interest, and fees accumulated on the mortgage loan from the time of the assignment/when Defendant first wrongfully failed to provide Andre and Corrine with the promised Agreement;
d) Consequential damages;
e) Compensatory damages;
f) Prejudgment interest; and
g) Any other relief deemed just and proper by the Court.

## FIFTH COUNT
### (New Jersey Consumer Fraud Act)

47. Andre and Corrine incorporate all of the foregoing allegations as if the same were set forth at length herein.

48. Defendants and Plaintiffs are "persons" within the meaning of § 56:8-1(d).

49. Defendants employed unconscionable commercial practices, false promises, omissions and/or misrepresentations in violation of N.J.S.A. §56:8-2. Further, in connection with the agreement between the parties, Defendant violated New Jersey and Federal statutes and regulations designed to protect consumers including but not limited to the New Jersey Consumer Fraud Act and New Jersey Administrative Code violations.

50. Specifically, the unconscionable business practices of Fifth Third Bank and MB Financial deliberately and in bad faith lead Andre and Corrine to default by failing to comply with the agreement and provide a means and method of tendering tax discrepancy payments and by subsequently demanding inappropriately higher payments inconsistent with the agreement.

51. Andre and Corrine reasonably relied on the advice and direction of Defendants during the loan term.

52. As a result of the above said actions, Andre and Corrine have suffered and will suffer substantial damages.

**WHEREFORE**, Andre and Corrine demand judgment against the Defendants jointly and severally as follows:

a) An Order requiring Defendants to provide Andre and Corrine with the promised tax discrepancy payment schedule;
b) An Order that requires Defendants to remove any and all negative credit markers with all credit agencies associated with any deficiencies associated with the loan with Defendants from its inception to the present;
c) An Order requiring Defendants to remove any and all penalties, increased interest, and fees accumulated on the mortgage loan from the time of the assignment/when Defendant first wrongfully failed to provide Andre and Corrine with the promised Agreement;
d) Consequential damages;
e) Compensatory damages;
f) Prejudgment interest; and
g) Any other relief deemed just and proper by the Court.

## SIXTH COUNT
### (Real Estate Settlement and Procedures Act)

53.   Andre and Corrine incorporate all of the foregoing allegations as if the same were set forth at length herein.

54.   The actions of the Defendants constitute a violation of numerous federal and state statutes/laws including but not limited to the Federal Real Estate Settlement and Procedures Act and other miscellaneous banking regulations.

55.   As a result of the unlawful actions of the Defendants, Andre and Corrine have and will suffer substantial damages.

**WHEREFORE**, Andre and Corrine demand judgment against the Defendants jointly and severally as follows:

a)   An Order requiring Defendants to provide Andre and Corrine with the promised tax discrepancy payment schedule;

b)   An Order that requires Defendants to remove any and all negative credit markers with all credit agencies associated with any deficiencies associated with the loan with Defendants from its inception to the present;

c)   An Order requiring Defendants to remove any and all penalties, increased interest, and fees accumulated on the mortgage loan from the time of the assignment/when Defendant first wrongfully failed to provide Andre and Corrine with the promised Agreement;

d)   Consequential damages;

e)   Compensatory damages;

f)   Prejudgment interest; and

g)   Any other relief deemed just and proper by the Court.

## SEVENTH COUNT
## (Unjust Enrichment)

56. Andre and Corrine incorporate all of the foregoing allegations as if the same were set forth at length herein.

57. The unlawful prolonged delays and actions of the Defendants caused the Defendants to charge Andre and Corrine additional interest, penalties fees and costs none of which would exist but for the unlawful actions of the Defendants.

58. The delays and additional costs render an improper additional payment obligation to the Defendant Fifth Third.

59. Further, despite the unlawful actions of the Defendants, Andre and Corrine continued to tender principal and interest payments but the Defendants did not properly accept and allocate the payments tendered by Andre and Corrine which provides additional inappropriate income to the Defendants to the detriment of Andre and Corrine.

60. The Defendants have been unjustly enriched by said actions and Andre and Corrine should receive reasonable credit.

61. The failure to provide such reasonable credit constitutes unjust enrichment to the benefit of the Defendants and causes Andre and Corrine to suffer substantial damages.

**WHEREFORE**, Andre and Corrine demand judgment against the Defendants jointly and severally as follows:

a) An Order requiring Defendants to provide Andre and Corrine with the promised tax discrepancy payment schedule;

b) An Order that requires Defendants to remove any and all negative credit markers with all credit agencies associated with any deficiencies associated with the loan with Defendants from its inception to the present;

c) An Order requiring Defendants to remove any and all penalties, increased interest, and fees accumulated on the mortgage loan from the time of the assignment/when Defendant first wrongfully failed to provide Andre and Corrine with the promised Agreement;

d) Consequential damages;

e) Compensatory damages;

f) Prejudgment interest; and

g) Any other relief deemed just and proper by the Court.

## EIGHTH COUNT
### (Promissory Estoppel)

62. Andre and Corrine incorporate all the foregoing allegations as same are set forth at length herein.

63. In the alternative, if the Court does not find that a contract existed between Andre and Corrine and Defendants pursuant to the tax discrepancy Agreement, Andre and Corrine reasonably relied upon the promises of Defendant to their detriment.

64. Based upon the foregoing, Defendants are liable to Andre and Corrine under the doctrine of promissory estoppel.

65. As a result of Defendants' actions, Andre and Corrine have suffered, suffers, and will suffer substantial damages.

**WHEREFORE**, Andre and Corrine demand judgment against the Defendants jointly and severally as follows:

a) An Order requiring Defendants to provide Andre and Corrine with the promised tax discrepancy payment schedule;
b) An Order that requires Defendants to remove any and all negative credit markers with all credit agencies associated with any deficiencies associated with the loan with Defendants from its inception to the present;
c) An Order requiring Defendants to remove any and all penalties, increased interest, and fees accumulated on the mortgage loan from the time of the assignment/when Defendant first wrongfully failed to provide Andre and Corrine with the promised Agreement;
d) Consequential damages;
e) Compensatory damages;
f) Prejudgment interest; and
g) Any other relief deemed just and proper by the Court.

## NINTH COUNT
### (Violation of Federal Banking Statute)

66. Andre and Corrine incorporate all the foregoing allegations as same are set forth at length herein.

67. The conduct of Defendants as described above, constitutes violations of various state and federal banking statutes and regulations.

68. As a result of Defendant's actions, Andre and Corrine have suffered, suffers, and will suffer substantial damages.

**WHEREFORE**, Andre and Corrine demand judgment against the Defendants jointly and severally as follows:

a) An Order requiring Defendants to provide Andre and Corrine with the promised tax discrepancy payment schedule;
b) An Order that requires Defendants to remove any and all negative credit markers with all credit agencies associated with any deficiencies associated with the loan with Defendants from its inception to the present;
c) An Order requiring Defendants to remove any and all penalties, increased interest, and fees accumulated on the mortgage loan from the time of the assignment/when Defendant first wrongfully failed to provide Andre and Corrine with the promised Agreement;
d) Consequential damages;
e) Compensatory damages;
f) Prejudgment interest; and
g) Any other relief deemed just and proper by the Court.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of R. 4:25-4, Brian L. Whiteman, Esq. is designated as trial counsel on behalf of the Plaintiffs.

|  |  |
|---|---|
|  | WHITEMAN LAW GROUP, LLC |
|  | Attorney for Plaintiffs |
| Dated: December 3, 2019 | By: _____ |
|  | Brian L. Whiteman, |
|  | For the Firm |

## JURY DEMAND

Plaintiffs hereby demand trial by jury on all triable issues raised.

|  |  |
|---|---|
|  | WHITEMAN LAW GROUP, LLC |
|  | Attorney for Plaintiffs |
| Dated: December 3, 2019 | By: _____ |
|  | Brian L. Whiteman, |
|  | For the Firm |

## CERTIFICATION PURSUANT TO R. 1:4-8

Plaintiffs' counsel certifies that they have read the pleadings and to the best of this signatory's knowledge, information and belief, there are good grounds to support the pleadings, that the pleadings do not contain any scandalous or indecent matter and that the pleadings are not interposed for delay. For a willful violation of this rule, counsel may be subject to appropriate disciplinary action and/or subject to punishment for contempt.

|  |  |
|---|---|
|  | WHITEMAN LAW GROUP, LLC |
|  | Attorney for Plaintiffs |
| Dated: December 3, 2019 | By: _____ |
|  | **Brian L. Whiteman,** |
|  | For the Firm |