## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANDRE LOVE and CORRINE LOVE, | : | |
| | : | |
| Plaintiffs, | : | Case No. 3:19-cv-21215-MAS-DEA |
| | : | |
| vs. | : | |
| | : | |
| FIFTH THIRD BANK and MB | : | |
| FINANCIAL BANK, N.A., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

v

# **TABLE OF CONTENTS**

INTRODUCTION ....................................................................................1

FACTUAL ALLEGATIONS IN PLAINTIFFS' COMPLAINT .............................2

    A.    Basis of Federal Jurisdiction....................................................2

    B.    Basis of Plaintiffs' Claims. ....................................................2

LAW AND ARGUMENT ...........................................................................4

    A.    This Court Does Not Have Jurisdiction to Hear This Case....................4

        1.    The Standard for Dismissal under Fed. R. Civ. P. 12(b)(1) .......4

        2.    Plaintiffs Have Failed to Plead Facts Sufficient to Establish Federal Subject Matter Jurisdiction ...........................................5

        3.    Plaintiffs Have Failed to Plead Facts Sufficient to Establish Diversity Jurisdiction .................................................7

    B.    Plaintiffs Have Failed to State a Claim Under Fed. R. Civ. P. 12(b)(6)................................................................................9

        1.    The Standard for Dismissal Under Fed. R. Civ. P. 12(b)(6) ......9

        2.    The Statute of Frauds Bars Plaintiffs' Attempt to Enforce an Alleged Oral Promise to Modify the Loan ...............................10

        3.    There Was No Agreement Regarding the Tax Deficiency, and Therefore Plaintiffs' Breach of Contract Claim Fails..............11

4.      Plaintiffs' New Jersey Consumer Fraud Act Claim Fails.........13

5.      Plaintiffs' Fraud and Negligent Misrepresentation Claims Were Not Pled with Specificity, and Therefore Must Fail................15

6.      Plaintiffs Have Not Pled Sufficient Facts to State a Negligence Claim ...........................................................................18

7.      Plaintiffs Have Not Pled Sufficient Facts to State an Unjust Enrichment Claim ....................................................20

8.      Plaintiffs Have Not Pled Sufficient Facts to State a Promissory Estoppel Claim .........................................................22

CONCLUSION .......................................................................23

# TABLE OF AUTHORITIES

## CASES

*Am. Rubber & Metal Hose Co. v. Strahman Valves, Inc.*, No. 11-1279 (MLC), 2011 U.S. Dist. LEXIS 80083 (D.N.J. July 22, 2011).................................................20, 21

*Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).............................................*passim*

*Banco Popular North America v. Gandi*, 184 N.J. 161 (2005) ..............................17

*Bell v. Hood*, 327 U.S. 678 (1946)...............................................................5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)..........................................5

*Bosland v. Warnock Dodge, Inc.*, 964 A.2d 741 (N.J. 2009) ..................................14

*Cox v. Sears Roebuck & Co.*, 647 A.2d 454 (N.J. 1994).......................................14

*Cty. of Essex v. Aetna Inc.*, No. 17-13663, 2018 U.S. Dist. LEXIS 210750 (D.N.J. Dec. 13, 2018)...................................................................................16

*Daaleman v. Elizabethtown Gas Co.*, 77 N.J. 267, 390 A.2d 566 (N.J. 1978) .......13

*Dean v. Barrett Homes, Inc.*, 204 N.J. 286 (2010) ...............................................18

*Desai v. Sorin CRM USA, Inc.*, No. 12-2995, 2013 U.S. Dist. LEXIS 5795 (D.N.J. Jan. 15, 2013) ............................................................................... fn. 3

*E. Orange Bd. of Educ. v. N.J. Sch. Const. Corp.*, 405 N.J. Super. 132 (App. Div. 2009) ............................................................................................22

*EnviroFinance Grp., LLC v. Envtl. Barrier Co.*, 440 N.J. Super. 325 (App. Div. 2015) ............................................................................................11

*Frederico v. Home Depot*, 507 F.3d 188 (3d Cir. 2007) .........................................14

*GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29 (3d Cir. 2018) .......7

*Gibson v. Jeffers*, 478 F.2d 216 (10th Cir. 1973) ....................................................8

*Gould Electronics, Inc. v. United States*, 220 F.3d 169 (3d Cir. 2000)....................5

*Grant v. Turner*, 505 Fed. App'x. 107 (3d Cir. 2012) ............................................15

*Heller Urban Renewal, LLC v. FER Boulevard Realty Corp.*, No. 13-cv-431 (SRC), 2014 U.S. Dist. LEXIS 1558 (D.N.J. Jan. 6, 2014)................................................19

*Hillsborough Rare Coins, LLC v. ADT LLC,* No. 16-916 (MLC), 2017 U.S. Dist. LEXIS 67113 (D.N.J. May 2, 2017) ......................................................................15

*Hillsdale Nat'l Bank v. Sansone*, 8 N.J. Super. 497 (Law Div. 1950) ..............11, 12

*Iliadis v. Wal-Mart Stores, Inc*., 191 N.J. 88 (2007) ...............................................20

*In re Elk Cross Timbers Decking Mktg., Sales Practices & Prods. Liab. Litig*., No. 15-cv-18 (JLL), 2015 U.S. Dist. LEXIS 144790  (D.N.J. Oct. 26, 2015) ..............19

*In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235 (3d Cir. 2012) ........................................................................................................4

*Jersey Cent. Power & Light Co. v. Melcar Util. Co*., 212 N.J. 576, 59 A.3d 561 (2013) ..................................................................................................................19

*Jpmorgan Chase Bank v. Shivaram*, No. A-4275-18T4, 2020 N.J. Super. Unpub. LEXIS 439 (App. Div. Mar. 3, 2020) ....................................................................11

*Kehr Packages, Inc. v. Fidelcor, Inc*., 926 F.2d 1406 (3d Cir. 1991) ..................4, 5

*Kugler v. Romain*, 58 N.J. 522, 279 A.2d 640 (N.J. 1971) ......................................14

*Lobiondo v. O'Callaghan*, 357 N.J. Super. 488 (App. Div. 2003) ..........................22

*McClellan v. Feit*, 376 N.J. Super. 305 (App. Div. 2005) ........................................17

*Meshinsky v. Nichols Yacht Sales, Inc.,* 541 A.2d 1063 (N.J. 1988) .......................14

*Moneyham v. United States*, No. 3:17-cv-01798, 2019 U.S. Dist. LEXIS 33112 (M.D. Pa. Feb. 28, 2019) .......................................................................................5

*Murphy v. Implicito*, 392 N.J. Super. 245 (App. Div. 2007) ...................................11

*Nelson v. Keefer*, 451 F.2d 289 (3d Cir. 1971) .........................................................8

*P. Ballantine & Sons v. Gulka*, 117 N.J.L. 84 (N.J. 1936) ......................................12

*Papasan v. Allain*, 478 U.S. 265 (1986) ...................................................................6

*Randazzo v. Eagle-Picher Industries, Inc.,* 117 F.R.D. 557 (E.D. Pa. 1987) ...........8

*SAT Agiyar, LLC v. 7-Eleven, Inc*., Civil Action No. 19-19994 (MAS) (ZNQ), 2020 U.S. Dist. LEXIS 116762 (D.N.J. June 30, 2020) .............................................16, 17

*Schenker, Inc. v. Expeditors Int'l of Wash., Inc*., No. A-3555-14T1, 2016 N.J. Super. Unpub. LEXIS 1535 (App. Div. July 1, 2016) .......................................................18

*Singer v. Beach Trading Co.*, 379 N.J. Super. 63 (App. Div. 2005) .......................17

*Subranni v. Navajo Times Publ'g Co. (In re Star Grp. Communs., Inc.)*, 568 B.R. 616 (Bankr. D.N.J. 2016) ........................................................................................5

*Sun Chem. Corp. v. Fike Corp.*, Nos. A-89, 082815, 2020 N.J. LEXIS 880 (N.J., July 29, 2020) ...........................................................................................................18

*Thieme v. Aucoin-Thieme*, 227 N.J. 269 (2016) .......................................................20

*United States ex rel. Bookwalter v. UPMC*, 946 F.3d 162 (3d Cir. 2019) ..............16

*United States ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294 (3d Cir. 2016) ....................................................................................................16

*Walid v. Yolanda for Irene Couture*, 425 N.J. Super. 171 (App. Div. 2012) ..........17

*Wells v. Wells*, 197 Ind. 236 (1926) ........................................................................12

*Zsoldos v. Twp. of Manchester*, No. 3:16-cv-2711-BRM-TJB, 2017 U.S. Dist. LEXIS 2758 (D.N.J. Jan. 9, 2017) ..........................................................................21

## **STATUTES**

28 U.S.C. § 1332(a) .....................................................................................................8

Fed. R. Civ. P. 8(a)(1) ..................................................................................................7

Fed. R. Civ. P. 8(a)(2) .............................................................................................5, 10

Fed. R. Civ. P. 9(b) ...............................................................................................14, 16

Fed. R. Civ. P. 12(b)(1) ................................................................................................4

Fed. R. Civ. P 12(b)(6) .................................................................................................9

N.J.S.A. § 56:8-1 et seq. ............................................................................................13

N.J.S.A. § 56:8-2 .........................................................................................................14

N.J. Stat. § 25:1-5 ..................................................................................................10, 11

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defendant Fifth Third Bank, National Association, for itself and as successor by merger to MB Financial Bank ("FTB"),[2] respectfully submits this Memorandum of Law in support of FTB's Motion to Dismiss Plaintiffs' Complaint.

## I.   INTRODUCTION

Plaintiffs Andre Love and Corinne Love ("Plaintiffs") filed a Complaint against FTB alleging violations of New Jersey state law, the New Jersey Consumer Fraud Act ("NJCFA"), the Real Estate Settlement Procedures Act ("RESPA"), and an unspecified "federal banking statute" relating to various alleged actions relating to their mortgage loan and escrow account.

As set forth more fully below, Plaintiffs have not carried their burden of establishing federal jurisdiction, as (1) their federal question claims are not sufficiently pled , and (2) they have failed to sufficiently plead the basis of diversity jurisdiction.  However, even if the Court chooses to exercise jurisdiction, Plaintiffs have failed to state a claim upon which relief can be granted.  Accordingly, the Court should grant FTB's motion to dismiss, and dismiss Plaintiffs' Complaint in its entirety.

---

[2] MB Financial Bank ("MB Financial") is not a proper party to this action.  MB Financial merged into Fifth Third Bank effective May 1, 2019, and Fifth Third Bank subsequently converted to a National Association and changed its name accordingly to Fifth Third Bank, National Association.

## II.   FACTUAL ALLEGATIONS IN PLAINTIFFS' COMPLAINT

### A. Basis of Federal Jurisdiction

Plaintiffs allege that this case is properly in federal court on the basis of diversity jurisdiction, as there is "complete diversity of citizenship between the parties." (Compl., ECF No. 1, ¶ 5.)  However, on the Civil Cover Sheet filed with the Complaint, Plaintiffs checked the following boxes in Section III, "Citizenship of Principal Parties":   for Plaintiffs, "Citizen[s] of **This State**", and for FTB, "Incorporated or Principal Place of Business in **This State**." (*See* Civil Cover Sheet, ECF No. 1-1) (Emphasis added.)   Plaintiffs further allege that "the amount in controversy exceeds $75,000." (Compl., ECF No. 1, ¶ 5.)

In the alternative, Plaintiffs also assert that this Court has federal question jurisdiction over this case. (*Id*. at ¶ 4.)

### B. Basis of Plaintiffs' Claims

On or about January 29, 2018, Plaintiffs allege that they refinanced the loan used to purchase 34 Fern Road, East Brunswick, NJ 08816 (the "Property") with MB Financial Bank ("MBF"), in the amount of $679,500.00 (the "Loan"). (*Id*. at ¶¶ 7-8.)  According to Plaintiffs, the original monthly principal and interest payment amount under the Loan was $3,400.  Plaintiffs further allege that they never missed any such payments. (*Id*. at ¶¶ 9-10.)

Plaintiffs vaguely allege that, at an unspecified point during the loan term, "a confusion or discrepancy existed with respect to the payment of the property taxes for the property." (*Id.* at ¶ 11.)  They do not indicate when this "confusion or discrepancy" occurred, what precipitated it, or the amount involved.  (*See id.*) Plaintiffs claim that MBF subsequently "acknowledged the discrepancy," and agreed that MBF would be repaid for the discrepancy in "equal monthly installments over a ten-year term" in addition to the existing monthly payments.  (*Id.* at ¶ 12.) Plaintiffs do not state the amount of these additional "equal monthly installments." (*See id.*)  The loan was subsequently assigned to FTB.  (*Id.* at ¶ 13.)  Although Plaintiffs claim that they "communicated with [FTB] as to how and where the additional payment[s] . . . should be tendered," they at no point actually allege whether such details were in fact **agreed upon**, and do not provide any further detail about the actual substance of these alleged communications. (*See id*. at ¶ 15.)

Plaintiffs allege that, despite "many attempted verbal and written communications" from Plaintiffs and their counsel – none of which have been specifically identified or filed as exhibits to the Complaint – FTB "in bad faith" failed to confirm the "method or means" by which the tax payments were to be made. (*Id.* at ¶ 16.)  FTB allegedly then determined that Plaintiffs were in default for lack of payment on the loan, and stopped accepting payment.  (*Id.* at ¶ 17.)  Plaintiffs claim that FTB then began sending statements demonstrating that their payment

amount had been increased to $9,000.  Plaintiffs, however, continued to remit only the original amount of $3,400 per month.  (*Id.* at ¶¶ 18-19.)  FTB allegedly accepted some of these incomplete payments, while rejecting others, although Plaintiffs make no specific allegations as to how many payments fall within each category, or when any alleged rejections occurred.  (*Id.* at ¶ 20.)

Plaintiffs allege that FTB subsequently submitted "negative credit markers" regarding the Loan account, which caused Plaintiffs unspecified and unquantified "substantial damages".  (*Id.* at ¶ 21.)  Plaintiffs further allege that FTB "had knowledge" of the "tax discrepancy Agreement" with MBF, as well as that Plaintiffs "never missed any principal and interest payments since the inception" of the Loan. (*Id.* at ¶ 22.)  FTB also allegedly had "actual knowledge" that Plaintiffs had communicated with MBF regarding the additional payments.  (*Id.* at ¶ 23)

## III.   LAW AND ARGUMENT

### A. This Court Does Not Have Jurisdiction to Hear This Case.

#### 1.   The Standard for Dismissal under Fed. R. Civ. P. 12(b)(1).

A court must grant a motion to dismiss under Fed. R. Civ. P. 12(b)(1) if it lacks subject matter jurisdiction to hear the plaintiff's claims.  *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012).  It is the plaintiff, not the defendant, who bears the burden of establishing the basis of federal subject matter jurisdiction.  *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d

1406, 1409 (3d Cir. 1991) (citing *Moneyham v. United States*, No. 3:17-cv-01798, 2019 U.S. Dist. LEXIS 33112, at *5 (M.D. Pa. Feb. 28, 2019)).  A facial challenge to subject matter jurisdiction "is directed to the sufficiency of the pleading as a basis" for jurisdiction, and requires that the court "only consider the allegations of the complaint and documents referenced therein and attached thereto in the light most favorable to the Plaintiff." *Subranni v. Navajo Times Publ'g Co. (In re Star Grp. Communs., Inc.)*, 568 B.R. 616, 622 (Bankr. D.N.J. 2016) (quoting *Gould Electronics, Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)).

Dismissal of a claim under Fed. R. Civ. P. 12(b)(1) should only be granted when "the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous.'" *Kehr Packages*, 926 F.2d. at 1408-09 (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

### 2. Plaintiffs Have Failed to Plead Facts Sufficient to Establish Federal Subject-Matter Jurisdiction.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint does not

suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. (quoting *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

Therefore, in order to survive a motion to dismiss, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "[O]nly a complaint that states a plausible claim for relief" can survive such a motion. *Id*. at 1950. Additionally, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Plaintiffs' Complaint alleges two violations of federal law: Count Six, raised under the Real Estate Settlement and Procedures Act, and Count Nine, raised under an unnamed "Federal Banking Statute." (Compl., ECF No. 1, at ¶¶ 53-55, 66-68.) Both of these counts suffer from identical, fatal deficiencies; namely, that while each strives to convey the distinct impression that FTB has violated a long list of concrete statutory and regulatory provisions, neither count can specify even **one**. (*See id.* at

6

¶ 54 (FTB's actions "constitute a violation of numerous federal and state statutes/laws including but not limited to the Federal Real Estate Settlement and Procedures Act and other miscellaneous banking regulations."); *see also id*. at ¶ 67 (FTB's conduct "constitutes violations of various state and federal banking statutes and regulations.")).  The pleading standard cannot be satisfied by merely reciting the elements of the cause of action; here, the causes of action aren't even **identified**.

Plaintiffs' two federal claims are so vague that they appear to be little more than afterthoughts, and it strains credulity to treat them as anything more than a transparent attempt to bootstrap federal subject-matter jurisdiction onto what is otherwise a state-law-based action.  Plaintiffs have clearly failed to state a claim under either Count Six or Count Nine, and indeed have failed to even sketch out the supposed violations committed by FTB, much less draw a direct connection to liability under federal law.  Plaintiffs' Counts Six and Nine should be dismissed for failure to state a claim.  With those two counts dismissed, the Court lacks subject matter jurisdiction.

### 3.   Plaintiffs Have Failed to Plead Facts Sufficient to Establish Diversity Jurisdiction.

Under Fed. R. Civ. P. 8(a)(1), a pleading for relief must contain "a short and plain statement of the grounds for the court's jurisdiction." A mere allegation of residency is not sufficient to satisfy this requirement.  *See, e.g.*, *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 35 (3d Cir. 2018) ("[a]lleging residency

7

alone is insufficient to plead diversity of citizenship.").  Moreover, when seeking to establish diversity jurisdiction over a defendant corporation, "a party must allege a corporation's state of incorporation <u>and</u> principal place of business." *Randazzo v. Eagle-Picher Industries, Inc.,* 117 F.R.D. 557, 558 (E.D. Pa. 1987) (emphasis in original).

Here, Plaintiffs in their Civil Cover Sheet allege that Plaintiffs are citizens of New Jersey, and that FTB is incorporated or has its principal place of business in the **<u>same</u>** state.  (*See* Civil Cover Sheet. ECF No. 1-1.)  In the actual text of the Complaint, they fail to make any allegations whatsoever as to FTB's state of incorporation or principal place of business, stating only that FTB has an Ohio address and "is present" in the District of New Jersey.  (*See* Compl. At ¶¶ 1, 6.) Plaintiffs' Complaint does not satisfy the jurisdictional pleading standard set forth in Fed. R. Civ. P. 8(a)(1).

Pursuant to 28 U.S.C. § 1332(a), a pleading claiming diversity jurisdiction must also plead facts sufficient to establish that at least $75,000 is in controversy. "Although allegations in the complaint need not be specific or technical in nature, sufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor." *Gibson v. Jeffers*, 478 F.2d 216, 221 (10th Cir. 1973) (citing *Nelson v. Keefer*, 451

F.2d 289 (3d Cir. 1971). "Merely asserting an amount in controversy equal to the minimum sum required" is not sufficient. (*Id.*).

Here, Plaintiffs make no attempt to quantify their damages beyond asserting that the jurisdictional threshold has been met. The Complaint is devoid of the details necessary to establish even a very rough estimate of the recoverable damages, in particular failing to allege the number of payments that FTB supposedly rejected or improperly applied or the total amount of such payments. (*See generally* Compl., ECF No. 1, ¶¶ 17-23.)

Plaintiffs have not sufficiently plead the grounds upon which the Court has diversity jurisdiction.

## B. Plaintiffs Have Failed to State a Claim Under State Law

As detailed below, Plaintiffs' claims also fail as a matter of law, and this Court should dismiss each of them.

### 1. The Standard for Dismissal Under Fed. R. Civ. P. 12(b)(6).

As detailed above, Fed. R. Civ. P 12(b)(6) permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted. And, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss," and "where the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged – but it has not 'shown' – ' that the pleader is entitled to relief.'" *Id*. at 679 (citing Fed. R. Civ. P. 8(a)(2)).[3]

> **2.    The Statute of Frauds Bars Plaintiffs' Attempt to Enforce an Alleged Oral Promise to Modify the Loan.**

Plaintiffs' entire Complaint is premised on the vague allegation that FTB agreed to modify their loan by changing the required monthly payments to permit them to repay their escrow deficiency over time.   The statute of frauds bars each of Plaintiffs' claims to the extent they are premised on enforcing an alleged oral promise to modify the loan.

New Jersey's statute of frauds requires that an agreement such as the one Plaintiffs vaguely suggest exists must be reduced to writing in order to be enforceable.   Under N.J. Stat. § 25:1-5, "no action shall be brought upon" certain types of agreements, unless they "shall be in writing, and signed by the party to be charged therewith, or by some other person thereunto by him lawfully authorized." This provision explicitly governs "[a]n agreement by a creditor to forbear from

---

[3] Importantly, a facially plausible claim is a requirement that must be met independent of any information gleaned from discovery. *See Desai v. Sorin CRM USA, Inc*., No. 12-2995, 2013 U.S. Dist. LEXIS 5795, at *18 (D.N.J. Jan. 15, 2013) ("a plaintiff must successfully plead a claim before obtaining discovery, and not the other way around."); *Iqbal*, 556 U.S. at 678-79 (holding that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). This precedent makes clear that the allegations in a complaint have meaning and prevent plaintiffs from engaging in "fishing expeditions" by filing bare-bones allegations that can then be back-filled through discovery.

exercising remedies pursuant to a contract, promise, undertaking or commitment" to lend money "in an amount greater than $100,000." N.J. Stat. § 25:1-5(f)-(g). The agreement at the center of Plaintiffs' Complaint, which they have not alleged was ever reduced to writing, and have not attached as an exhibit, allegedly memorialized MBF's consent to modify the terms of the loan, in order to allow Plaintiffs to repay an escrow shortage on the Property in a number of payments over a ten-year period. (*See* Compl., ECF No. 1, ¶¶ 11-12.) A loan modification falls squarely within the statute of frauds. *See Jpmorgan Chase Bank v. Shivaram*, No. A-4275-18T4, 2020 N.J. Super. Unpub. LEXIS 439, at *7 (App. Div. Mar. 3, 2020) (the statute "requires a writing signed by a lender if a loan exceeds $100,000. . . . Those statutory provisions apply to a loan modification.").

### 3. There Was No Agreement Regarding the Tax Deficiency, and Therefore Plaintiffs' Breach of Contract Fails.

In order to state a claim for breach of contract, Plaintiffs must "prove a valid contract between the parties, the opposing party's failure to perform a defined obligation under the contract, and the breach caused the claimant to sustain[] damages." *EnviroFinance Grp., LLC v. Envtl. Barrier Co*., 440 N.J. Super. 325, 345 (App. Div. 2015)) (citing *Murphy v. Implicito*, 392 N.J. Super. 245, 265 (App. Div. 2007)). In order to be binding, a contract requires, at a bare minimum, "[a] common understanding of all the terms of a contract." *Hillsdale Nat'l Bank v. Sansone*, 8 N.J.

Super. 497, 500 (Law Div. 1950).  In other words, "a contractual obligation arises from the mutual consent of the parties **only**."  *Id*. (quoting *P. Ballantine & Sons v. Gulka*, 117 N.J.L. 84, 85 (N.J. 1936)).  A contract is "the product of a **meeting of the minds**."  *Hillsdale Nat'l Bank*, 8 N.J. at 500 (quoting *Wells v. Wells*, 197 Ind. 236, 244 (1926)).

Plaintiffs' relationship with Fifth Third is governed by a contact – i.e., the Note and Mortgage.  Plaintiffs have not alleged a breach of that contract – nor can they.  Instead, Plaintiffs attempt to assert that there was a contact between them that modified the Note and Mortgage regarding the tax discrepancy payments.  Not only have Plaintiffs failed to provide a written agreement as required by the statute of frauds, they failed to allege basic grounding details regarding such alleged agreement, such as a date of execution, or any specific provisions (including those which FTB allegedly breached).  (*See generally* Cmpl., ECF No. 1.)  Further, Plaintiffs readily admit that the parties to the alleged agreement never reached a mutual understanding regarding "how and where the additional payment for the tax discrepancy Agreement should be tendered," and that such important details were "never confirmed."  (*Id.* ¶¶ 15-16.)  Even if the threadbare assertion that an agreement was made were sufficient to allege an agreement, despite the lack of supporting documentation, Plaintiffs have demonstrated in their own factual allegations that a legally cognizable contract could not have existed, as there was no

meeting of the minds.  It would be nonsensical to find that an agreement explicitly focused on repayment of a tax discrepancy, which fails to account for the actual mechanics of payment, is any agreement at all.  As Plaintiffs have not sufficiently plead the existence of a contract, their breach of contract claim fails on the very first element.

The Court should dismiss Plaintiffs' Breach of Contract claim both because it was not reduced to writing and because there was no meeting of the minds.

### 4.    Plaintiff's New Jersey Consumer Fraud Act Claim Fails.

Plaintiffs additionally allege in Count Five of the Complaint that FTB violated the New Jersey Consumer Fraud Act ("NJCFA") by "failing to comply with the agreement and provide a means and method of tendering tax discrepancy payments and by subsequently demanding inappropriately higher payments inconsistent with the agreement." (Compl., ¶ 50.)

The NJCFA, N.J.S.A. § 56:8-1 et seq., prohibits deceptive practices in connection with the sale or advertisement of consumer goods.  *See, e.g., Daaleman v. Elizabethtown Gas Co.,* 77 N.J. 267, 390 A.2d 566, 569 (N.J. 1978).  The NJCFA forbids the

> act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, [sic] concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or

13

advertisement of any merchandise . . . whether or not any person has in fact been misled, deceived, or damaged thereby.

N.J.S.A. § 56:8-2. The Supreme Court of New Jersey has held that, under the NJCFA, "the standard of conduct that the term unconscionable 'implies is lack of good faith, honesty in fact and observance of fair dealing.'" *Cox v. Sears Roebuck & Co*., 647 A.2d 454, 462 (N.J. 1994) (quoting *Kugler v. Romain*, 58 N.J. 522, 279 A.2d 640, 651, 652 (N.J. 1971)); *See also Meshinsky v. Nichols Yacht Sales, Inc.,* 541 A.2d 1063, 1067 (N.J. 1988) (stating the same definition of "unconscionable"). "The capacity to mislead is the prime ingredient of all types of consumer fraud." *Cox*, 647 A.2d at 462 (N.J. 1994). False promises, misrepresentations, and concealment or omission of material facts all constitute deceptive practices under the NJCFA.

In addition to identifying the deceptive practice or statement, the consumer fraud statute requires a showing of "1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss." *Bosland v. Warnock Dodge, Inc*., 964 A.2d 741, 749 (N.J. 2009)

Claims under the NJCFA are subject to the heightened pleading standard of Fed. R. Civ. P. 9(b), which requires particularized pleading for the conduct underlying fraud claims. *See, e.g., Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (noting that "[t]he stringent pleading restrictions of Rule 9(b)" apply to

fraud claims under the NJCFA); "This requires a plaintiff to plead the date, time, and place of the alleged fraud, or otherwise inject precision into the allegations by some alternative means." *Grant v. Turner*, 505 Fed. App'x. 107, 111 (3d Cir. 2012).

Plaintiffs' NJCFA claim fails because they have not and cannot meet the heightened pleading standard under 9(b).   Indeed, Plaintiffs' NJCFA claim is **entirely** premised upon the violation of terms of the alleged agreement which Plaintiffs have failed to even plead, let alone the attendant dates, times, and other particularized details required pursuant to Rule 9(b).   Even if Plaintiffs had met the heightened pleading standard, which they have not, their NJCFA claim is nothing more than a re-packaged breach of contract claim and must be dismissed because the New Jersey legislature did not intend garden variety breach of contract claims to provide a cause of action under the NJCFA.   *See e.g. Hillsborough Rare Coins, LLC v. ADT LLC,* No. 16-916 (MLC), 2017 U.S. Dist. LEXIS 67113, *27 (D.N.J. May 2, 2017) ("A breach of contract or breach of warranty, however, is not per se unconscionable. . . . To demonstrate unconscionable acts in connection with a breach of contract, "substantial aggravating circumstances" must be present in addition to the alleged breach of contract.").

> **5.    Plaintiffs' Fraud and Negligent Misrepresentation Claims Were Not Pled With Specificity, and Therefore Must Fail.**

In addition to being barred by the statute of frauds, Plaintiffs' fraud and negligent misrepresentation claims fail under Fed. R. Civ. P. 9(b) for lack of specificity.

As detailed above, under Fed. R. Civ. P. 9(b) "[i]n all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b) requires that a plaintiff allege "all of the essential factual background that would accompany the first paragraph of any newspaper story — that is, the who, what, when, where, and how of the events at issue." *United States ex rel. Bookwalter v. UPMC*, 946 F.3d 162, 176 (3d Cir. 2019) (quoting *United States ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 307 (3d Cir. 2016) (citation omitted)). In the District of New Jersey, the elevated pleading requirement also applies to claims of negligent misrepresentation. *See SAT Agiyar, LLC v. 7-Eleven, Inc*., Civil Action No. 19-19994 (MAS) (ZNQ), 2020 U.S. Dist. LEXIS 116762, at *13 (D.N.J. June 30, 2020) (quoting *Cty. of Essex v. Aetna Inc.*, No. 17-13663, 2018 U.S. Dist. LEXIS 210750, at *7 (D.N.J. Dec. 13, 2018) ("A negligent misrepresentation claim sounds in fraud, and must be pleaded with particularity, if it 'references allegations of fraud and relies upon an allegedly false representation.'")

In order to state a fraud claim, a plaintiff must specifically allege "1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the

defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Walid v. Yolanda for Irene Couture*, 425 N.J. Super. 171, 180 (App. Div. 2012) (quoting *Banco Popular North America v. Gandi*, 184 N.J. 161, 172-73 (2005)) (citation omitted). A negligent misrepresentation consists of "[a]n incorrect statement, negligently made and justifiably relied on, [and] may be the basis for recovery of damages for economic loss . . . sustained as a consequence of that reliance." *Singer v. Beach Trading Co.*, 379 N.J. Super. 63, 73-74 (App. Div. 2005) (quoting *McClellan v. Feit*, 376 N.J. Super. 305, 317 (App. Div. 2005) (citation omitted)).

However, in accordance with the Fed. R. Civ. P. 9(b) pleading standard, a claim for fraud or misrepresentation that fails to plead with specificity the **date, time or place** of the alleged misrepresentation "lack[s] sufficient precision to put [the defendant] on notice of its precise misconduct." *SAT Agiyar, LLC v. 7-Eleven, Inc.*, No. 19-19994, 2020 U.S. Dist. LEXIS 116762, at *14 (D.N.J. June 30, 2020). Such lack of precision justifies dismissal. *See id*.

Plaintiffs' fraud and negligent misrepresentation claims fail to state a claim for precisely the same reason: the alleged misrepresentations underlying each claim are nowhere to be found within the Complaint. In support of their fraud claim, Plaintiffs vaguely allege that FTB "made misrepresentations of material facts with the intention that [Plaintiffs] rely upon said misrepresentations." (Compl., ECF No.

17

1, ¶ 33.)  Plaintiffs further allege that those very same misrepresentations shall form the basis of their negligent misrepresentation claim "[i]n the event that the Court finds the misrepresentations made by [FTB] were unintentional and without the intent to defraud." (*Id.* at ¶ 45.)  At no point do Plaintiffs allege exactly **_what_** those misrepresentations were, nor do they specify when or where they were made.  (*See id.* at ¶¶ 31-37, 44-46.)  Thus, both Count Two and Count Four fail on the very first element of each claim, and should be dismissed for failure to state a claim.

### 6.    Plaintiffs Have Not Pled Sufficient Facts to State a Negligence Claim.

Because Plaintiff's vague negligence claim is premised on the contractual basis of their relationship with FTB, the economic loss doctrine precludes them from recovering purely economic damages on a negligence theory.  *See Sun Chem. Corp. v. Fike Corp.*, Nos. A-89, 082815, 2020 N.J. LEXIS 880, at *14 n.2 (N.J., July 29, 2020) ("The economic loss doctrine prohibits the recovery in a tort action of economic losses arising out of a breach of contract.").  The doctrine "'bars tort remedies in strict liability or negligence when the only claim is for' economic loss, as opposed to physical injury or property damage." *Schenker, Inc. v. Expeditors Int'l of Wash., Inc.*, No. A-3555-14T1, 2016 N.J. Super. Unpub. LEXIS 1535, at *3 (App. Div. July 1, 2016) (quoting *Dean v. Barrett Homes, Inc.*, 204 N.J. 286, 295 (2010)).

Plaintiffs' negligence claim further fails for because Plaintiffs have not sufficiently plead the claim.  A claim of negligence requires the establishment of

four elements: "(1) a duty of care, (2) a breach of that duty, (3) actual and proximate causation, and (4) damages." *Jersey Cent. Power & Light Co. v. Melcar Util. Co.*, 212 N.J. 576, 594, 59 A.3d 561, 571 (2013). Although a negligence claim is not subject to the heightened pleading standard discussed above, a negligence claim nevertheless "cannot proceed without meeting the Rule 8(a) requirement of factual content, as articulated by the Supreme Court in *Iqbal* and *Twombly*." *Heller Urban Renewal, LLC v. FER Boulevard Realty Corp.*, No. 13-cv-431 (SRC), 2014 U.S. Dist. LEXIS 1558, at *29-30 (D.N.J. Jan. 6, 2014). As established in *Iqbal*, "Rule 8 does not empower respondent to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *In re Elk Cross Timbers Decking Mktg., Sales Practices & Prods. Liab. Litig.*, No. 15-cv-18 (JLL), 2015 U.S. Dist. LEXIS 144790, at *68 (D.N.J. Oct. 26, 2015) (quoting *Iqbal*, 556 U.S. at 686-87). Rule 8 demands that a plaintiff do more than simply accuse the defendant of unlawfully harming him. *Iqbal*, 556 U.S. at 678.

In Count Three, Plaintiffs plead **only** the bare elements of their claim of negligence, supporting their claim with the unadorned allegations that "[FTB] owe[s] a duty of reasonable care" to Plaintiffs, FTB breached that duty, and "[a]s a direct and proximate result of [FTB's] breach of its duties, [Plaintiffs] have suffered and will suffer substantial damages." (Compl., ECF No. 1, ¶¶ 39-41.) Plaintiffs do

not even allege **what** conduct constitutes FTB's supposed breach of the duty of reasonable care, nor do they draw even the most basic and conclusory causal connection between that breach and the alleged "substantial damages." (*See id.*) As detailed above, Plaintiffs have failed to identify any duties outside the contract governing the parties' relationship, and Plaintiffs cannot recover tort damages for an alleged (although completely unspecified) breach of contract.

> **7.   Plaintiffs Have Not Pled Sufficient Facts to State an Unjust Enrichment Claim.**

In order to state a claim for unjust enrichment, a plaintiff must allege that (1) the defendant "received a benefit and that retention of that benefit without payment would be unjust," and (2) the plaintiff "expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that failure of remuneration enriched defendant beyond its contractual rights." *Thieme v. Aucoin-Thieme*, 227 N.J. 269, 288 (2016) (quoting *Iliadis v. Wal-Mart Stores, Inc.*, 191 N.J. 88, 110 (2007)).  Furthermore, an "unjust enrichment claim must be independent of a breach of contract claim and a plaintiff may not bring an unjust enrichment claim while also pleading the existence of a contract." *Am. Rubber & Metal Hose Co. v. Strahman Valves, Inc.*, No. 11-1279 (MLC), 2011 U.S. Dist. LEXIS 80083, at *23 (D.N.J. July 22, 2011).

This Court found, in *Am. Rubber & Metal Hose Co.*, that the plaintiffs had violated this principle, as they had pled a count of breach of contract, and had also

20

in their unjust enrichment count stated that all of the foregoing allegations – including the allegation that a contract existed – were incorporated in that count as if fully set forth therein.  *Id.*  This is precisely the same strategy utilized by Plaintiffs here, as they allege both breach of contract, and explicitly state in their subsequent unjust enrichment claim that "[Plaintiffs] incorporate all of the foregoing allegations as if the same were set forth at length herein."  (*See* Compl., ECF No. 1, at ¶¶ 25-30, 56.)  However, even beyond that technicality, just as in *Am. Rubber & Metal Hose Co.*, Plaintiffs' allegations of unjust enrichment hinge on the existence of a contract – that is, that "[FTB] did not properly accept and allocate the payments tendered by [Plaintiffs]."  (*Id.* at ¶ 59; *see also Am. Rubber & Metal Hose Co., supra*, at *23.) This Court should dismiss Count Seven, as Plaintiffs are attempting to plead both breach of contract and unjust enrichments on the very same facts.

Plaintiffs likely intend to allege unjust enrichment as an alternative to their breach of contract theory.  However, "[r]ecovery for unjust enrichment . . . is an equitable remedy that is **<u>only available</u>** when there is no express contract providing for remuneration."  *Zsoldos v. Twp. of Manchester*, No. 3:16-cv-2711-BRM-TJB, 2017 U.S. Dist. LEXIS 2758, at *5 (D.N.J. Jan. 9, 2017) (quoting *Am. Rubber & Metal Hose Co., supra*, at *8) (emphasis added).  Therefore, this Court should not permit this claim to proceed alongside Plaintiffs' breach of contract or New Jersey

Consumer Fraud Act claims, and the claims should be considered mutually exclusive.

### 8. Plaintiffs Have Not Pled Sufficient Facts to State a Promissory Estoppel Claim.

A claim of promissory estoppel must sufficiently allege four elements:  "1) a clear and definite promise, 2) made with the expectation that the promisee will rely upon it, 3) reasonable reliance upon the promise, 4) which results in definite and substantial detriment."  *E. Orange Bd. of Educ. v. N.J. Sch. Const. Corp.*, 405 N.J. Super. 132, 148 (App. Div. 2009) (quoting *Lobiondo v. O'Callaghan*, 357 N.J. Super. 488, 499 (App. Div. 2003) (citation omitted).

As an initial matter, as detailed above, to the extent that Plaintiffs are attempting to enforce an alleged oral agreement related to a loan modification, their claim is barred by the statute of frauds.  Further, as established *supra*, a plaintiff must provide basic factual allegations in support of his cause of action, beyond a rote recitation of the elements of the claim.  Plaintiffs' promissory estoppel claim once again fails to clear this modest bar.  Plaintiffs allege only that they "reasonably relied upon the promises of [FTB] to their detriment," and that they therefore "have suffered, suffer[], and will suffer substantial damages." (Compl., ECF No. 1, ¶¶ 63, 65.)  Plaintiffs make no mention, even obliquely, of **which** promise forms the basis of this claim, and they fail to even mention, much less factually support, the

22

requirement that such promise be "made with the expectation that the promise will rely upon it." (*See id.* at ¶¶ 63-65.)

If, as seems to be the case with Plaintiffs' entire Complaint, the promise referenced is related to the alleged agreement with FTB, which Plaintiffs do not allege was reduced to writing. Moreover, even if such an alleged oral agreement existed and were reduced to writing, Plaintiffs have failed to establish the third element of their promissory estoppel claim: reliance. Plaintiffs do not at any point allege that they actually **made a single payment** towards the tax discrepancy; in fact, quite the opposite, as they claim that FTB did not at any point furnish them with sufficient information with which to actually carry out the alleged payment plan. (*See id.* at ¶¶ 15-22.)

Plaintiffs have not sufficiently alleged their claim of promissory estoppel, and it should be dismissed.

## IV.   CONCLUSION

For the reasons set forth above, the Court should grant Fifth Third Bank's motion to dismiss, and dismiss all of Plaintiffs' claims against Fifth Third Bank with prejudice.

Respectfully submitted,

Dated:  September 18, 2020

*/s/*Joshua M. Link
Joshua M. Link
N.J. Attorney No. 019802011
**DINSMORE & SHOHL LLP**
1200 Liberty Ridge Drive, Suite 310
Wayne, PA 19087
Tel: (610) 408-6020
Fax: (610) 408-6021
E-mail: joshua.link@dinsmore.com

*Attorneys for Defendants Fifth Third Bank and MB Financial Bank, N.A.*

*/*